**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **LUCASTA MANNING,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 14-00366-KD-M** |
| | ) | |
| **TRACTOR SUPPLY COMPANY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion For Summary Judgment (Doc. 19), Plaintiff's Response (Doc. 25) and Defendant's Reply (Doc. 26).[1]

**I.   Findings of Fact**[2]

This action stems from Plaintiff Lucasta Manning (Manning)'s August 6, 2012 shopping trip to the Defendant Tractor Supply Company[3] (TSC)'s store in Northport, Alabama, to buy salt blocks for her livestock.   (Doc. 1-1; Doc. 25-1 (Dep. Manning at 119-121, 144)).   Manning traveled to the store, located the salt blocks stacked on shelves/racks (after asking for help as they were not in their usual location), reached for a block, made contact with a shelf, and was cut

---

1 Manning's attorney cited only nine (9) pages of her deposition yet submitted the entire 173 page deposition as an exhibit; such dumping of the entire deposition when it is not even relied upon is improper such that the Court has limited its review to the 9 pages cited. See, e.g., Mathis v. Kerry, 2014 WL 793996, *1 (M.D. Ga. Feb. 27, 2014) (internal citations omitted) ("[t]he Court will not review the uncited portions of these exhibits in search of evidence that may advance Plaintiff's position....Federal judges are not archaeologists....We possess neither the luxury nor the inclination to sift through that mound of obfuscation in hopes of finding a genuine issue of material fact to deny summary judgment[]...judges have no duty to scour the file in search of evidence is an obvious corollary to the requirement that parties specifically identify the portions of the case file which support their assertions regarding whether genuine issues remain for trial[]").

2 On summary judgment, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004).

3 TSC is a retail store that sells tractor supplies and farm and livestock products in Alabama.

"by a sharp edge [or wire] on a metal rack and that caused [her] to twist her shoulder."   (Id.)
"After cutting her arm, Plaintiff twisted her shoulder from the sudden pain of the cut to her arm
and the fifty (50) pound weight of the salt block that she held."   (Doc. 1-1).   Manning claims
that the metal shelf/rack[4] had a hidden defect due to its sharp edge that "was not open nor was it
obvious to the general consumer or patron[,]" and was "unexposed to the general public[,]" –
without any signs alerting customers of the danger -- such that TSC should have known injury
would result.   (Id.; Doc. 25-1 (Dep. Manning at 144-145, 152)).   Manning subsequently
underwent surgery for a left shoulder torn rotator cuff.   (Doc. 25-1 (Dep. Manning at 16, 25)).

On August 2, 2014 Manning sued TSC in the Circuit Court of Marengo County, Alabama
for $150,000 in compensatory damages and $100,000 in punitive damages, asserting state claims
for negligence, wantonness, breach of contract, negligent infliction of emotional distress, and
negligent/wanton hiring, training and/or supervision, and damages (including an injunction
"requiring Defendant to refrain from such future actions that have led to Plaintiff's injuries[]").
(Id.)   On August 6, 2014, TSC removed this case to this Court.   (Doc. 1).

## II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED.
R. CIV. P. 56(a).   Rule 56(c) provides as follows:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including

---

4 According to the Assistant Store Manager, Dana Burchett, the store shelves, are manufactured by Lozier,
a third-party, not TSC.   (Doc. 19-3 (Aff. Burchett at ¶¶1, 3-4)).   See also Affidavit of TSC Store & Space
Planning Director Sean Brobston.   (Doc. 19-4 at 1-2) (stating same).

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

*(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

*(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).   The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).   If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.   Celotex, 477 U.S. at 323.   "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter … the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

3

III.   **Conclusions of Law**

A.   **Negligence (Count Two)**

In the Complaint, Manning asserts that TSC was negligent because it had a general duty to keep the metal stand/rack free and clear of any hidden defects that would injure the general public through normal shopping experiences, and breached this duty by having sharp edges on the stand/racks which were not open and obvious.   (Doc. 1-1 at 2). On summary judgment, Manning's negligence argument consists of the following:[5]

> **Plaintiff can present substantial evidence that the defendant created a hazardous condition.**
>
> Clearly the Plaintiff has demonstrated that she had not been in the area and was unfamiliar with the new and different placement of the metal rack which held the salt blocks. The salt blocks had been moved from the previous area that Plaintiff had normal[ly] made her selection from. The defendant had full control over the placement of the salt blocks on the metal rack and the defendant had complete control over the placement of the rack in the store. The employees were familiar where the rack was and where the salt blocks were located because the[y] directed the Plaintiff to the area when she inquired about salt blocks. Plaintiff has met her burden of duty owed and breach of that duty.

(Doc. 25 at 6).

To establish negligence, Manning must prove that: 1) the TSC owed her a duty of care; 2) TSC breached that duty; 3) she suffered a loss or injury; and 4) TSC's negligence was the actual and proximate cause of her injury. Lollar v. Poe, 622 So.2d 902, 905 (Ala. 1993); Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994); John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375, 379 (Ala. 1990).   More specifically, this is a premises liability case within which Manning asserts personal injury.   "The duty owed by a landowner to an injured party depends upon the

---

5  Apart from this, Manning simply quotes general premises liability and negligence law for two (2) pages without any application of the law to the facts of this case and/or argument.   (Doc. 25 at 4-5).

status of the injured party in relation to the landowner's land, i.e., is the injured party a trespasser, a licensee, or an invitee." Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 98 (Ala. 2010) (footnote omitted).   TSC, as the store owner, is the premises owner, and its liability is dictated by Alabama premises liability law.   Manning, a shopper at TSC, was a business invitee of TSC. In Alabama, the business owner owes its invitees a duty to "use reasonable care and diligence to keep the premises in a safe condition or, if the premises [are] in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care."   Hunter v. Durr Sys., Inc., 2007 WL 1215075, at *2 (M.D. Ala. Apr. 24, 2007).   This duty does not extend to "open and obvious" dangers, however.   Id.

In premises liability cases, "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee[,]"and a premises owner is not an insurer of the safety of its invitees.   Ex parte Harold L. Martin Distrib. Co., 769 So.2d 313, 314 (Ala. 2000).   See also Giles v. Winn-Dixie Montg., LLC, 574 Fed. Appx. 892, 894 (11th Cir. 2014) (same).   "A store owner's duty is…'to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.'…Consequently, injured 'plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury.'" Dolgencorp, Inc. v. Hall, 890 So.2d 98, 100 (Ala. 2003) (internal citations omitted).   However, even where there is no admissible evidence indicating that a premises owner had actual or constructive knowledge of a defective condition, such knowledge is not required in all circumstances.   Isbell v. Aztecas Mexican Grill, 78 So.3d 420, 423 (Ala. Civ. App. 2011).   As

5

noted in <u>Edwards v. Intergraph Servs. Co</u>., 4 So.3d 495, 503 (Ala. Civ. App. 2008), exceptions exist including when a business owner "affirmatively created" the defective condition, such as by placing items in an aisle, or when the business owner fails to perform reasonable inspections or maintenance of the premises to discover or prevent the defective condition.

Manning was a business invitee to whom TSC owed the duty to keep the premises in a reasonably safe condition by the exercise of ordinary and reasonable care.   <u>Ex parte Wooten</u>, 681 So.2d 149 (Ala. 1996).   Manning must accordingly "show not only that [s]he was injured as the result of a defective condition on the owner's premises, but also that the owner knew or should have known of the defective condition[,]" <u>Edwards</u>, 4 So.3d at 502, or that an exception exists insofar as TSC failed to perform reasonable inspections or maintenance of the premises to discover or prevent a defective condition.

TSC contends that Manning cannot establish that it breached any duty owed to her because she is unable to provide any details about her injury or how she was injured (*e.g.*, she cannot describe the shelf/rack at issue, how the accident occurred, provide any details about the rack/shelf's defects, etc.), and so is simply speculating as to the cause of her injury and alleging only a subjective belief that negligence occurred.   Additionally, TSC's Assistant Store Manager asserts that no one had reported any problems with or made any complaints about the subject shelf, no one else had been injured or alleged to be injured by the subject shelf, and before the incident with Manning, no one else had ever been injured by any shelves at the TSC store. (Doc. 19-3 (Aff. Burchett at ¶¶5-7)).

Manning's evidence, as to TSC's negligence, rests entirely on her personal and speculative belief that TSC created the defective condition of the shelf or allowed it to exist.

The problem is, there is insufficient evidence that the shelf was even defective.   Manning does not remember anything about the shelf other than it had wire on it, and she was cut.   (Doc. 19-2 (Dep. Manning a 115-117, 123-124)).   Moreover, Manning has not submitted any evidence that TSC had knowledge, constructive or actual, that the shelf was defective.

A plaintiff's speculation about the cause of an injury is insufficient to overcome summary judgment.   See, e.g., Giles, 574 Fed. Appx. at 984 (finding similarly and citing Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) ("unsupported speculation...does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment[]").   As the Alabama Supreme Court has explained, holding defendants liable in cases of mere speculation "would render premises owners virtual insurers of others' safety and would impose liability that is nearly absolute." Ex parte Martin Distrib., 769 So.3d at 316.   See also e.g., Burlington Coat Factory of Ala., LLC v. Butler, 2014 WL 2619848, at *7 (Ala. Civ. App. Jun. 13, 2014) (concluding that the speculative nature of the evidence required summary judgment on a plaintiff's negligence claim because the plaintiff failed to produce any evidence indicating that the moveable metal brackets she alleged caused her injury were defective or not properly installed).   Thus, Manning has failed to establish a genuine issue of fact as to whether TSC breached its duty of care.   As such, TSC's motion on Manning's negligence claim is **GRANTED.**

### B.   Wantonness (Count One)

In the Complaint, Manning contends that TSC was wanton because it stacked salt blocks on metal racks with sharp edges "unexposed to the general public" or which were not obvious to

7

the general public, such that TSC knew or should have known injury would result.   (Doc. 1-1 at

2).   On summary judgment, Manning's wantonness argument consists of the following:

> **Plaintiff can produce substantial evidence of wanton conduct by the defendant.**
>
> Although the defendant, TSC, does not admit that it was aware of the sharp edges on the stand, it does through affidavits admit that its employees were familiar with the stand and went further and stated that no one reported injury….The mere fact that the plaintiff was injured on the sharp edge of a shelf on the stand and that the defendant's employees were knowledgeable of the stand itself proves that they knew or should have known of the existence of the sharp edge on the stand. The plaintiff nor the Court should hold the defendant to such a standard that someone must be injured before they come aware of a sharp edge. Not once in the affidavit does Defendant employees state the stand was free of sharp edges. Plaintiff on the other hand clearly articulates that she was injured by the edge of the shelf…

(Doc. 25 at 6-7).

In Alabama, wantonness has been defined "as the conscious doing of some act or the

omission of some duty, while knowing of the existing conditions and being conscious that, from

doing or omitting to do an act, injury will likely or probably result." Bozeman v. Central Bank

of the South, 646 So.2d 601 (Ala.1994); Alfa Mut. Ins. Co. v. Roush, 723 So.2d 1250, 1256

(Ala. 1998) (same).   Alabama statutory law specifies that Manning must show that TSC

committed a conscious or intentional act with knowledge that injury was likely to occur or that

actually caused her injury. Ala. Code § 6–11–20(b)(3) ("[c]onduct which is carried on with a

reckless or conscious disregard of the rights or safety of others[]").   The Alabama Supreme

Court has explained the difference between negligence and wantonness as follows:

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....

> Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious intentional act.

Taylor v. Pezoid Mgt. Assoc., Inc., 2015 WL 914906, *5 (M.D. Ala. Mar. 3, 2015) (citing Ex parte Anderson, 682 So.2d 467, 470 (Ala. 1996)).   See also Hornady Truck Line, Inc. Meadows, 847 So.2d 908, 916 (Ala. 2002). "Wantonness is a question of fact for the jury, unless there is a total lack of evidence from which the jury could reasonably infer wantonness[.]" Givens v. Saxon Mortg. Servs., Inc., 2014 WL 2452891, *15-16 (S.D. Ala. Jun. 2, 2014).

Manning has failed to submit any evidence supporting her wantonness claim.   As explained *supra*, Manning has not presented sufficient evidence of a defect, or that TSC had actual/constructive knowledge of any defect, or that TSC acted consciously or intentionally to injure her, and/or that TSC acted with some sort of purpose or design to injure her, etc. -- *or any other aspect of wantonness*.   See, e.g., Givens, 2014 WL 2452891, *16 (granting summary judgment where a plaintiff "presented nothing but conclusory assertions" as to defendant's allegedly wanton conduct).   As such, TSC's motion on Manning's wantonness claim is **GRANTED.**

### C.   Breach of contract (Count Three)

In the Complaint, Manning asserts that TSC had an "implied contract" with the public to maintain a safe shopping environment but breached that contract because of the fact of her injury.   (Doc. 1-1 at 2).   On summary judgment, Manning wholly fails to address this claim.

According to TSC, Manning cannot show the existence of a contract between them under Alabama law as she was merely a customer of the TSC store.   TSC adds that its duty to Manning is set forth under Alabama premises liability law, as her claim is one sounding in tort,

9

not contract.   And because there is no contract between TSC and Manning, there cannot be no breach of contract in this case.   "[T]his court, like other federal courts that have interpreted Alabama law, finds that the source of the duty indicates whether the claim sounds in tort or in contract[.]"   Citizens Bank and Trust v. LPS Nat. Flood, LLC, 2014 WL 4793432, *12 (N.D. Ala. Sept. 25, 2014).   Manning cannot simultaneously assert a claim for negligence/wantonness and breach of contract based on the same purported breach of a duty by TSC.   There is also no evidence of any contractual relationship between TSC and Manning: no valid contract binding the parties (no offer, acceptance, etc.), no performance or nonperformance under same, and no related damages.   Instead, Manning's claims against TSC are rooted in the contention that TSC had a legal duty to provide a reasonably safe premises to her and that it breached that duty – *which sounds in tort.*   See, e.g., Marsh v. Southern Airways, Inc., 316 F.2d 91 (5th Cir. 1963) (applying Alabama law where a plaintiff brought an action for personal injuries sustained when defendant's airplane in which plaintiff was a passenger landed roughly -- he attempted to assert a breach of the implied contractual obligation to transport him safely to his destination. The federal district court, applying Alabama law, found that the action was in tort, not in contract[]").[6] Further, Manning has failed to address this claim on summary judgment.[7]   Accordingly, TSC's motion on this claim is **GRANTED.**

### D.   Negligent infliction of emotional distress (Count Four)

In the Complaint, Manning asserts a claim for negligent infliction of emotional distress.

---

6  The Court stated: "When the contract does not in terms require reasonable care in doing the act stipulated to be done, the law imposes a duty—but does not imply a contract—to exercise due care in doing the act; and, therefore, when negligence exists in doing that act an action in tort only is available because there is no express or implied contract which is breached." Marsh, 316 F.2d at 93–94.

7  Apart from simply acknowledging it was alleged in the Complaint. (Doc. 25 at 1).

(Doc. 1-1 at 2).   Manning wholly fails to address this claim on summary judgment.[8]

Regardless, "[n]egligent infliction of emotional distress is not actionable in Alabama."

Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 545 at note 3 (1994).[9]   As such, Manning's

negligent infliction of emotional distress claim is **DISMISSED**.[10]

### E.    Negligent/wanton hiring, training and/or supervision (Count Five)

In the Complaint, Manning contends that TSC failed to hire, train and supervise "the type

of employee that would have noticed the hidden defect of the sharp edges on the metal stand" to

prevent her injury and so breached its duty and is negligent.   (Doc. 1-1 at 3).   On summary

judgment, Manning contends that:

**The plaintiff can produce evidence of negligent hiring, training, supervision.**

The employees, through their affidavits, informs the plaintiff, as well as, the Court that
they knew where the rack/stand was. They had observed it on several occasions and no
one had reported injury. Additionally, the same rack/stand is where the plaintiff suffered
injury. The employees failed to correct the sharp edge on the rack/stand and instead,
allowed plaintiff to be injured. The defendant, TSC, was responsible for its employees.
That is, it was responsible for making sure that the employees were properly trained to
identify any discrepancy on the rack stand that might create a dangerous situation for the
patrons of the store. The defendant was responsible for the hiring of the employees to
ensure that the employees were of good character and would not allow a dangerous
condition to exist without taking additional action to protect the patrons of the
defendant's store. Finally, the defendant, TSC, was responsible for supervising its
employees to a degree that they would correct problems that existed for more than a

---

8  Apart from simply acknowledging it was alleged in the Complaint. (Doc. 25 at 1).

9  See also Wilson v. Doss, 2012 WL 5877854, *7 (M.D. Ala. Nov. 21, 2012) (same); Cheatham v. City of
Tallassee, 2012 WL 3890127, *13 (M.D. Ala. Sept. 7, 2012) (same); Spivey v. Fred's Inc., 554 F.Supp.2d 1271,
1275 (M.D. Ala. 2008) (same); Fitch v. Voit, 1993 WL 141588, *7 (Ala. Cir. Ct. 1993) (same (citing Allen v.
Walker, 569 So.2d 350, 352 (Ala. 1990)). "[N]egligently causing emotional distress is not an independent tort in
Alabama, but...is part and parcel of the traditional tort of negligence." Collins v. Davol, Inc., 2014 WL 5661631, *5
(N.D. Ala. Nov. 4, 2014) (internal citation and footnote omitted)).

10  TSC moved for summary judgment on Manning's claim of negligent infliction of emotional distress.
However, in the argument TSC discusses intentional infliction of emotional distress.   This is presumably out of an
abundance of caution, in case the Court construed Manning's non-existent claim of negligent infliction to be actually
a claim of intentional infliction.

> reasonable amount of time. Here the employees, through affidavit, admit that no one had reported being injured. The defendant should not be rewarded for being lucky when the hazardous condition existed but without incident. The defendant, TSC, through its employees had full control of the rack/stand and failed to exercise a duty to keep the premises safe and thus allowed the injury to the plaintiff.

(Doc. 25 at 7-8). TSC contends that because Manning has not submitted any evidence that the employees committed any negligent act and/or that TSC had *any* knowledge of any employee's tortious conduct, she cannot prevail on this claim.   TSC is correct.   Additionally, Manning has failed to submit any evidence of any TSC employee having any knowledge of any problems with any shelves/racks, much less any that "existed for more than a reasonable amount of time."

As set forth in Knox v. U.S., 978 F.Supp.2d 1203, 1214 (M.D. Ala. 2013) (internal citations omitted):

> ….[i]n the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence. This may be done by showing specific acts of incompetency and bringing them home to the knowledge of the master, or by showing them to be of such nature, character, and frequency that the master, in the exercise of due care, must have had them brought to his notice....

Manning has alleged no facts nor submitted any evidence that would indicate that any TSC employee committed negligence.   Jones Express, Inc. v. Jackson, 86 So.3d 298 (Ala. 2010) (reversing a plaintiff's jury verdict on this claim because the jury determined the employee had not committed any negligent act).   Additionally, Manning has failed to establish that TSC had any knowledge of any tortious conduct on the part of its employees, or even that any underlying tortious conduct was committed by any agent of TSC.   See, e.g., Katrensky v. U.S., 732

12

F.Supp.2d 1194, 1204 (M.D. Ala. 2010) (granting summary judgment due to plaintiffs' failure to provide any facts or evidence in support of a negligent training/supervision claim); Hester v. Brown, 512 F.Supp.2d 1228 (S.D. Ala. 2007) (granting summary judgment on negligent training/supervision due to plaintiff's lack of evidence as to actual/constructive knowledge of employee's incompetence).    As such, TSC's motion on this claim is **GRANTED.**

### F.    Damages -- Injunctive Relief

In the Complaint, Manning seeks as damages entry of an injunction requiring TSC "to refrain from such future actions that have led to" her injuries.   (Doc. 1-1 at 3).   Presumably, this is a request for entry of a permanent injunction against TSC, but to refrain from doing what, specifically, is unknown.   Moreover, both TSC and Manning fail to address this relief on summary judgment.   Further, the record indicates that Manning has made no effort to litigate this request.[11]   As such, the Court deems Manning's injunctive request as **ABANDONED.**[12]

## IV.    Conclusion

Based on the foregoing, it is **ORDERED** that TSC's Motion for Summary Judgment (Doc. 19) is **GRANTED** as to Manning's claims for implied breach of contract, negligence, wantonness, and negligent hiring, training and/or supervision.   Additionally, for those reasons

---

11  Apart from merely acknowledging that it was alleged in the Complaint. (Doc. 25 at 1).

12  Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 632 F.3d 1195, 1201 at note 7 (11th Cir. 2001) (citing Marek v. Singletary, 62 F.3d 1295, 1298 n. 2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned[]")). "To be sure, the onus is not on the court to develop the…[plaintiff's] argument for them, and the Eleventh Circuit consistently has made that point clear."    Faught v. American Home Shield Corp., 2010 WL 10959225, *4 (N.D. Ala. Jul. 21, 2010) (citing Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned), Shuler v. Ingram & Assoc., 2010 WL 1838626 (N.D. Ala. May 7, 2010) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards[]") and Hudson v. Norfolk Southern Ry. Co., 209 F.Supp.2d 1301, 1324 (N.D. Ga. 2001) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned")).

stated *supra*: Manning's negligent infliction of emotional distress claim is **DISMISSED;** and Manning's request for injunctive relief is deemed **ABANDONED**.

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the <u>Federal Rules of Civil Procedure</u>.

**DONE** and **ORDERED** this the **9**[th] day of **April 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**